5 F.3d 546
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re: Brian Patrick O'DONNELL, Debtor.
Brian Patrick O'DONNELL, Appellee,
v.
COMMERCIAL FEDERAL MORTGAGE, Appellant.
First Interstate Bank of Westminster, Defendant.
 No. 93-1025.
 United States Court of Appeals, Tenth Circuit.
 Sept. 29, 1993.
 
 Before ANDERSON, BARRETT, and TACHA, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellee Brian O'Donnell ("debtor") filed a Chapter 13 Bankruptcy Petition and Proposed Plan, seeking to bifurcate the claim of Appellant Commercial Federal Mortgage ("CFM"), the holder of a note secured by a mortgage on the debtor's principal residence, into a secured claim equal to the fair market value of the residence and an unsecured claim equal to the balance remaining under the note.
 
 
 3
 The Bankruptcy Court for the District of Colorado confirmed the Plan, approving the proposed bifurcation, and the district court affirmed the ruling of the bankruptcy court. CFM timely appealed.
 
 
 4
 We abated this appeal pending the Supreme Court's decision in Nobelman v. American Savings Bank, 113 S.Ct. 2106 (1993), involving the same issue--i.e. the permissibility of bifurcating an undersecured mortgage under section 506(a) and 1322(b)(2) of the Bankruptcy Code into a secured claim equal to the fair market value of the residence and an unsecured claim equal to the balance owing to the mortgagee. A unanimous court in Nobelman held that 11 U.S.C. 1322(b)(2) "prohibits a Chapter 13 debtor from relying on section 506(a) to reduce an undersecured homestead mortgage to the fair market value of the mortgaged residence." Id. at 2108.
 
 
 5
 The parties have been permitted to file briefs stating their views with respect to the holding in Nobelman.[2] As we have held in Independence One Mortgage Corp. v. Wicks (In re Wicks), No. 92-6134, --- F.2d ---- (10th Cir., Sept. 28, 1993), Nobelman applies to cases pending on appeal at the time of its issuance and therefore applies to this case. Nobelman effectively forecloses the debtor's bifurcation argument.
 
 
 6
 For the foregoing reasons, the order of the district court is REVERSED and the case is REMANDED for proceedings consistent herewith.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 Only CFM has in fact filed a brief addressing Nobelman